UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 21-cr-20354
    District Judge Paul D. Borman

KEVIN FORDHAM, et al.,

    Defendants.
_____/

**OPINION AND ORDER
GRANTING GOVERNMENT'S MOTION FOR A FINDING OF
EXCLUDABLE DELAY (ECF No. 830);
DENYING DEFENDANT ARTISE JOHNSON'S MOTION IN OPPOSTION
TO CONTINUATION AND ASSERTION OF SPEEDY TRIAL ACT RIGHT
(ECF No. 842); AND
EXTENDING SPEEDY TRIAL ACT DEADLINE TO SEPTEMBER 12, 2023
FOR NEWLY- AND NON-WAIVING DEFENDANTS**

**Procedural History**

On February 9, 2023, the Court held a Status Conference at which the parties' discussed extending the Speedy Trial Act deadline in this case to September 12, 2023. The Court noted that some defendants had agreed to waive their Speedy Trial Act rights until that date and other defendants had not so agreed. The Court decided to adjourn the Conference to give counsel for the non-waiving defendants more time to discuss the issue with their clients.

On February 13, the Court extended the Speedy Trial Act deadline to September 12, 2023 for the sixteen defendants who had agreed to waive their Speedy Trial Act

1

rights up to that date. (ECF No. 823.) The Court found, "pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), that the ends of justice [were] served by the granting of such extension" because this case is "complex" and "involve[es] 35 Defendants" (and as a result, the case contains a great deal of discovery). (ECF No. 823, PageID 4849.)

Since then, three more defendants—Charles Douglas, John Johnson, and Javon Wilhite—have filed Waivers of their Speedy Trial Act rights through September 12, 2023. (ECF Nos. 824, 825, 827.) And Tamar Watkins' counsel has "concur[red] in a finding of excludable delay through September 12" on Watkins' behalf. (ECF No. 832, PageID 4950.)

On February 24, the Court entered an Order noting that the Status Conference had been continued until March 7 and extending the Speedy Trial Act deadline from March 10 to April 10, 2023 for those defendants whose deadlines the Court had not extended to September 12. (ECF No. 829.)

Also on February 24, the Government filed a Motion for Finding of Excludable Delay, asking the Court to extend the Speedy Trial Act deadline to September 12 for those defendants whose deadlines had not already been so extended. (ECF No. 830.)

On March 1, Defendants Kevin Fordham and Kenneth Johnson responded to the Government's motion, opposing the proposed extension and stating that they "anticipate that they c[ould] be prepared to proceed to trial on" June 1, 2023. (ECF

2

No. 833.) In addition to discussing the Speedy Trial Act, these defendants asserted that they have a Sixth Amendment right to a speedy trial by June.

That same day, defendant Kurteiz Thompson filed a Notice of Joinder/Concurrence as to Fordham and Johnson's Response. (ECF No. 834.) The next day, March 2, Defendant Winisford Watkins filed a Notice of Joinder as to that Response. (ECF No. 837.)

Also on March 2, Defendant Gregory Johnson filed a Response to the Government's Motion, requesting that the "Court address the relevant factors, mak[e] findings and issue an order regarding the government's motion." (ECF No. 840.) Defendant Anthony Reynolds filed a Notice of Joinder in Johnson's Response on March 6. (ECF No. 844.)

Finally, on March 3, Defendant Artise Johnson filed a "Motion in Opposition to Continuation and Assertion of Speedy Trial Act" right, in which he responded to the Government's Speedy Trial Act Motion and asserted that he has a Sixth Amendment right to a speedy trial by June 1, 2023. (ECF No. 842.)

The Government filed a Reply to these Responses and Motion in Opposition on March 5. (ECF No. 843.)

The Court held argument on these Motions on March 7.

## Analysis

As it stated at the end of the March 7 Conference, the Court will extend the Speedy Trial Act deadline to September 12, 2023 for those defendants whose deadlines have not already been so extended.

**A. The Court extends the four newly-waiving defendants' deadlines for the same reason that it extended the previously-waiving defendants' deadlines.**

Now that Charles Douglas, John Johnson, Javon Wilhite, and Tamar Watkins have agreed to waive their Speedy Trial Act rights through September 12, 2023, they are in substantially the same position, with respect to the Speedy Trial Act, as the sixteen defendants whose deadlines the Court previously extended to September 12, 2023. Therefore, the Court extends the Speedy Trial Act deadline to September 12, 2023 for these four defendants for the same reasons that it extended the deadlines for those other sixteen defendants. *See* (ECF No. 823.)

**B. The Court extends the fifteen remaining defendants' deadlines pursuant to 12 U.S.C. § 3161(h)(6) and (h)(7)(A)–(B).**

The Court extends the other fifteen defendants' deadlines to September 12, 2023 pursuant to 12 U.S.C. § 3161(h)(6) and (h)(7)(A)–(B). First, 12 U.S.C. § 3161(h)(6) provides that the Court "shall [] exclude[] in computing time . . . [a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." This directive compels the extension entered here. The time for the other twenty co-

defendants' trials will not run before September 12. These fifteen defendants have not filed a motion for severance. And an extension until September 12 is reasonable given the complexity of, and the number of defendants and amount of discovery in, this case.

Second, 12 U.S.C. § 3161(h)(7) provides that the Court "shall [] exclude[] in computing time . . . [a]ny period of delay resulting from a continuance granted by any judge . . . at the request of . . . the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." This language also justifies the extension. Indeed, the Government has requested a continuance. And the Court finds that the ends of justice are served by the continuance, because this case has thirty-five defendants, includes 1800 gigabytes of discovery that is common to all defendants—to say nothing of defendant-specific discovery—and is so complex that it is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" without the continuance. 3161(h)(7)(B)(ii).[1]

---

[1] The Court maintains that it may consider whether a defendant has agreed to waive his or her Speedy Trial Act right when deciding whether the ends of justice are served by a continuance under 3161(h)(7)(A)–(B). § 3161(h)(7)(B) lists four factors that "a judge shall consider in determining whether to grant [such] a continuance." But it does not state that these are the *only* factors that the Court may consider when making that determination; instead, it states that the Court should consider the listed factors "*among others*." 18 U.S.C. § 3161(h)(7)(B) (emphasis added).

**C. These extensions do not violate the defendants' Sixth Amendment rights to a speedy trial.**

Kevin Fordham, Kenneth Johnson, Kurteiz Thompson, Winisford Watkins, and Artise Johnson argue that granting these extensions will lead to a violation of their Sixth Amendment speedy trial rights. (ECF Nos. 833, 834, 837, 842.) They assert that their trials must begin by June 1, 2023. (ECF No. 833, PageID 4963; ECF No. 842, PageID 5018.)[2]

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." In *Barker v. Wingo*, the Supreme Court noted that, "[i]n addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." *Barker v. Wingo*, 407 U.S. 514, 519 (1972). It then set

---

That said, the Court finds that the absence of waivers from these fifteen defendants is not dispositive here.

[2] They do not suggest that their Sixth Amendment speedy trial rights have *already* been violated. *See* (ECF No. 833, PageID 4963 ("Undersigned counsel can be prepared to proceed with trial on 06/01/2023. Any *further delay* will result in the deprivation of the defendant's right to a constitutionally speedy trial." (emphasis added))); (ECF No. 842, PageID 5019 ("*If* his trial does not start as scheduled [on June 1], Artise Johnson seeks dismissal of the Indictment with prejudice, arguing that the delay since the commencement of this case has . . . deprived him of his Sixth Amendment right to a speedy trial." (emphasis added))); (ECF No. 842, PageID 5023 ("the *requested six-month delay* is significant" (emphasis added))).

6

forth a "balancing test" to determine whether a delay has violated or will violate the Sixth Amendment's speedy trial provision. *Id.* at 530. The Court explained:

> A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

*Id.*

Despite the arguments of the defendants listed above, the balance of these four factors allows the Court to extend their Speedy Trial Act deadlines without violating their Sixth Amendment rights.

*1. The delay is long enough to trigger further consideration.*

"The first *Barker* factor—the length of the delay—serves as a threshold or a 'triggering mechanism' for a speedy-trial analysis." *United States v. Young*, 657 F.3d 408, 414 (6th Cir. 2011) (citing *Barker*, 407 U.S. at 530). "The length is measured from the earlier of the date of arrest or the date of indictment." *Id.* And "[a] court need only consider the other *Barker* factors if there has been 'uncommonly long' delay." *Id.* (quoting *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006)). The Sixth Circuit "has held that a delay of more than one year is presumptively prejudicial and triggers application of the remaining three factors." *Id.*

7

Here, Fordham, Kenneth Johnson, Thompson, Watkins, and Artise Johnson were indicted on May 26, 2021, and arrested thereafter. *See* (ECF Nos. 1, 2, 9, 27, 28, 31.) If these defendants' trials begin in mid-September of 2023, then the total delay, from indictment to trial, will be about two and one-third years.

However, as the Government points out, "only those periods of delay attributable to the government or the court are relevant to [a defendant's] constitutional claim." *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000). For this reason, the Government argues that the time up to March 10, 2023 should not be counted as part of the delay, because the defendants stipulated to pushing their Speedy Trial Act deadlines to that date. (ECF No. 843, PageID 5031) (citing ECF No. 679). In response, at the Conference, counsel for Thompson argued that the defendants only stipulated to this extension because they were not provided with discovery in a timely manner. In response to that, the Government stated that it produced more than 90% of all discovery by the end of 2021. *Cf.* (ECF No. 843, PageID 5033) (stating the same). The Government continued to produce the remaining discovery in waves, and most recently produced about 100 gigabytes as "Production 13" in November and December 2022. *See* (ECF No. 828, PageID 4872.)

The Court finds that the total delay that will have elapsed by September of this year is large enough to trigger analysis of the remaining *Barker* factors. Although the information before the Court does not allow it to exactly quantify how much of

8

the delay is attributable to it and to the Government, the Court will assume for now that most of the six-month delay that immediately followed the indictment stemmed from the Government preparing the large amounts of discovery for production. Additionally, the Court may assume that the delay from June 1, 2023 to September 2023 is attributable to it and/or the Government, rather than to these defendants, because the defendants have asked to begin trial on June 1.

On the other hand, the Court concludes that most, but probably not all, of the delay between January 1, 2022 and June 1, 2023 is attributable to the defendants. By January 1, 2022, the Government had produced most of its discovery, and it was up to the defendants to begin reviewing it. This review accounts for much of the delay until June 1 of this year. Indeed, the defendants assert that they will be ready for trial then, but not that they are ready for trial now. And, as the Government points out, "[t]hroughout the various status conferences, liaison counsel has repeatedly expressed the need for more time to review the voluminous discovery." (ECF No. 843, PageID 5034.) But, to the extent that the incarcerated defendants' reviews were further delayed by problems with providing them access to the discovery in prison, those delays are attributable to the Government.

In sum, the delay that may be attributable to the Government and the Court is significant enough to merit consideration of the three other *Barker* factors.

*2. The reason for the delay favors the Government.*

"Because the prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner[,] the burden is on the prosecution to explain the cause of the pre-trial delay." *United States v. Brown*, 169 F.3d 344, 349 (6th Cir. 1999) (internal citation and quotation and alteration marks omitted). The Supreme Court has explained that "different weights should be assigned to different reasons":

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker*, 407 U.S. at 531.

The Defendants argue that "the government is more to blame for the delay" in this case. (ECF No. 833, PageID 4963.) They state that, "[i]n nearly two years of discovery disclosures, which seem to be complete now, the government has produced Rule 16 discovery materials that are years old and have otherwise produced delayed disclosures throughout the pretrial process," and "[t]here is no known reason that these disclosures could not have been provided in a more timely fashion." (ECF No. 833, PageID 4963.) They also state that "the requested six-month

10

delay" from March 10, 2023 to September 10, 2023, "is significant, and the delay is not attributable to" them. (ECF No. 842, PageID 5023.)

The Government argues that the reason behind the delay "favors a finding of no constitutional violation." (ECF No. 843, PageID 5033) (citing *Bass*, 460 F.3d at 837). It maintains that it "has diligently prosecuted this . . . case." (ECF No. 843, PageID 5033.) And it adds that it "has attempted to streamline th[e] case, including discovery production, by working with the two appointed discovery coordinators, providing more than 90% of all bates-numbered discovery materials by December 30, 2021 . . . and sharing a log with the Court and defense counsel detailing the evidence seized, related search warrants and reports, and Title III applications." (ECF No. 843, PageID 5033–34.)

The Government asserts that "[t]he delay has resulted from," inter alia, "case complexity, numerous defendants, voluminous discovery, discovery accessibility issues not attributable to the prosecution, and the time needed by defense counsel to review such materials." (ECF No. 843, PageID 5033) (comparing this case to *United States v. Sutherland*, No. 11-20129, 2014 WL 5311529, at *2 (E.D. Mich. Oct. 17, 2014)). And it emphasizes that "[t]he delay is not motivated by 'bad faith, harassment, or attempts to seek a tactical advantage'" and Defendants "do not allege" that it is. (ECF No. 843, PageID 5034) (quoting *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005)). The Court generally agrees.

11

The Court finds that the reasons behind the relevant delay weigh in favor of the Government. There is no evidence that this delay is motivated by bad faith. And, to the contrary, the size and complexity of this case provide valid justification for much of the time it has taken for the Government to prepare the discovery for efficient defense review. As the Court found above, these factors continue to justify delay until September of this year.

*3. These defendants have now asserted their Sixth Amendment speedy trial rights.*

"[T]he defendant's assertion of or failure to assert his right to a speedy trial is [the next] factor[] to be considered in an inquiry into the deprivation of the right." *Barker*, 407 U.S. at 528. These defendants have now asserted their Sixth Amendment rights to a speedy trial. (But none of them asserted these constitutional rights until 2023.)

*4. The lack of prejudice to these defendants favors the Government.*

Prejudice to the defendants is "assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. Specifically, these interests are: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* "[T]he most serious is the last." *Id.*

This factor cuts both ways but ultimately favors the Government. The relevant delay prolongs the pretrial incarceration period for Fordham, Thompson, Watkins,

12

and Artise Johnson. (Kenneth Johnson is already serving a long sentence with the Michigan Department of Corrections.) The delay also likely increases the anxiety of all five of these defendants, who have to wait longer for a verdict. But it does not appear to impair these defendants' defenses. Indeed, no defendant has argued that it does. And in fact, the opposite may be true: by giving these defendants more time to evaluate discovery, strategize, and coordinate with counsel for other defendants, the delay is more likely to *enhance* their defenses. So, while the delay's effect on the defendants' pretrial incarceration periods and emotional states is an important consideration, its effect on their defenses controls here.

On balance, the contested delay does not violate the Sixth Amendment's speedy trial provision, because much of it is attributable to the defendants, there is good reason for (at least most of) the rest of it, and it does not detract from the defendants' abilities to make their cases. *Cf. Howard*, 218 F.3d at 564 ("When the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity will not make out a speedy trial claim no matter how great the ensuing delay.").

## Conclusion

For the reasons listed above, the Government's Motion for a Finding of Excludable Delay (ECF No. 830) is **GRANTED** and Defendant Artise Johnson's

13

Motion in Opposition to Continuation and Assertion of Speedy Trial Act Right (ECF No. 842) is **DENIED**.

The Court has now extended all defendants' Speedy Trial Act deadlines to September 12, 2023.

**IT IS SO ORDERED.**

Dated: March 13, 2023

s/Paul D. Borman
Paul D. Borman
United States District Judge